JESSE CLOUSE and HELEN CLOUSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clouse v. Commissioner
Docket No. 3556-73.
United States Tax Court
T.C. Memo 1975-71; 1975 Tax Ct. Memo LEXIS 299; 34 T.C.M. (CCH) 372; T.C.M. (RIA) 750071; March 24, 1975, Filed *299 Daniel R. Hardt, for the petitioners. Thomas J. Meyer, for the respondent. TIETJENS
MEMORANDUM FINDINGS OF FACT AND OPINION TIETJENS, Judge: The Commissioner determined a deficiency of $1,697.32 in and an addition of $84.87 to the Federal income tax of petitioners for 1970. Certain concessions have been made so that the only issues remaining for decision involve figures used by the Commissioner in his computations reconstructing petitioners' income and the appropriateness of the addition to tax under section 6653(a). [1]
Petitioners resided in Mooresville, Indiana at the time they filed their petition herein. They filed a joint Federal income tax return for the taxable year 1970 with the district director of internal revenue, Indianapolis, Indiana. During that year petitioners received income from various sources including Methodist Hospital of Indiana, Chevrolet Motor Division of General Motors Corporation, a beauty shop owned by petitioners, and various parcels of real estate rented and sold by petitioners. Using a "source-and-application-of-funds *300 method," the Commissioner determined that petitioners understated their 1970 income. [2]
Apparently, petitioners do not argue that the Commissioner is not authorized to use the "source-and-application-of-funds method" of recomputing income. We believe that he is authorized to use that method. See Eugene Vassallo,23 T.C. 656 (1955). Both the Commissioner and the petitioners have made significant concessions at the trial and in their briefs. However, several figures used by the Commissioner in his computations remain in dispute. We have considered the evidence relating to those figures and conclude that petitioners have not met their burden of proving erroneous the Commissioner's determination. See Tax Court Rules of Practice and Procedure 142(a). Petitioners' evidence does not establish that fewer payments than the Commissioner determined were made to Arsenal Savings & Loan Association, to Mackle Brothers, or to Merchants National Bank & Trust Company. Petitioners' evidence does not establish *301 that petitioners did not make payments of $115.87 to a credit union in 1970. Petitioners' statement in their brief that they "lived very frugally" is not substantiated and does not cast doubt on the Commissioner's computations of living expenses. We have studied those figures which petitioners contend represent duplication. We conclude that petitioners have not shown that insurance premiums were included in the payments schedule. We also believe that, by including insurance in the personal expense schedule, the Commissioner properly, if indirectly, effected a disallowance of a nondeductible personal expenditure. Petitioners have not carried their burden of proving erroneous the Commissioner's determination of an addition to tax under section 6653(a) for failure to maintain adequate records. In fact, at trial petitioners seemed to admit that their records were inadequate. The fact that petitioners may be "scrupulously honest" is not relevant to section 6653(a), which deals with negligence. In short, we conclude that petitioners have not proven erroneous the Commissioner's determination as modified by his concessions at the trial and in his briefs. Decision will be entered under *302 Rule 155.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 unless otherwise stated.↩
2. The Commissioner's computations and subsequent modifications are contained in exhibits and briefs filed in this case, and we see no reason to reproduce them herein.↩